[Cite as *Dalesandro v. Ohio Dept. of Transp.*, 2010-Ohio-862.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


SUSAN DALESANDRO, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2007-08368

Judge Joseph T. Clark

DECISION


{¶ 1} Plaintiffs, Susan Dalesandro, Joseph Conti, and Kingdom Properties, Inc., brought this action against defendant, Ohio Department of Transportation (ODOT), alleging negligence. The case proceeded to trial on the issues of liability and damages.

{¶ 2} According to Dalesandro and Conti, from 1999 until 2005 they were shareholders in a business known as Kingdom Properties, Inc. As part of their business, Dalesandro and Conti purchased, renovated, and resold houses for profit. In November 2001, Kingdom Properties, Inc. bought the home and property located at 7652 Center Street in Mentor, Ohio. At the time, the house was not occupied and was essentially uninhabitable. The house remained vacant for some time until Dalesandro and Conti restored the home and Dalesandro moved into the house in March 2005. Title to the property had been transferred from Kingdom Properties, Inc.[1] to Dalesandro in June 2004 and then in July 2005, both Dalesandro and Conti were listed as owners

---

[1] In response to the downturn in the real estate market, Conti and Dalesandro closed the business

on the deed.  (Plaintiffs' Exhibits 3-4.)

{¶ 3}   Dalesandro testified that soon after she moved into the house she noticed that there was a problem with the sanitary sewer such that waste water was backing up into the basement.  According to Dalesandro, after raw sewage began seeping into a portion of the basement she immediately contacted Conti and together they began attempting to discover the cause of the problem.  According to Conti, he thought that the pipe may have been clogged by construction dust and debris.

{¶ 4}   Dalesandro first contacted Paz Plumbing Company on April 16, 2005, to clear the line.  The work was performed on April 23, 2005, and is described as follows: "Excavated dirt down to main sewer, cut in c/o [clean out] tee for snaking.  Could not clear line because pipe is collapsed 71' (approx.) from c/o tee."  (Plaintiffs' Exhibit 21.) Dalesandro next contacted Domenick Electric Sewer Cleaning Co., Inc.  on April 26, 2005.  According to the notes on the invoice, Dalesandro was informed that after "jetting main sewer lines from c/o in front of house, got line to drain.  * * *  I think something is broke just before the main 'in the street.'"  (Plaintiffs' Exhibit 21C.)  Dalesandro then sought help from Lake County Sewer Co. on April 28, 2005, requesting "high pressure water power sewer jetting and mini-cam of 6" sanitary lateral from test tee to main." (Plaintiffs' Exhibit 21B.)    The notes on that invoice document that the equipment "traveled 76' from c/o riser to main" and revealed a possible damaged pipe at that point. (Plaintiffs' Exhibit 21B.)

{¶ 5}   Dalesandro and Conti recalled that during this time period they also notified the attorney for Kingdom Properties, Inc., Frank Manning, of the situation. Dalesandro and Conti both acknowledged that they sought the assistance of counsel specifically to determine the party or parties responsible for causing the damage to the home.

{¶ 6}   It is undisputed that in 2002, the city of Mentor cooperated with ODOT on a roadway construction project to widen State Route 615, also identified as Center Street, from two to four lanes.  New  pavement and storm sewer lines were also installed.  Part of the work was performed on the roadway in front of plaintiffs' property. Dalesandro testified that she was aware of the project when it was in progress in that

---

in 2005.

she had driven by the area several times during such construction.  Dalesandro testified that, as a result of her research efforts, she learned that Great Lakes Construction Company (Great Lakes) had been the general contractor for ODOT on the construction project.  She stated that she attempted to have Great Lakes resolve the problem with the sewer line, but to no avail.

{¶ 7}  David Swiger, the engineer for the city of Mentor testified that ODOT hired Great Lakes to construct the improvement and that ODOT was the "overseer."  He estimated that the date of substantial completion was December 20, 2002.  According to Swiger, the city hired CT Consultants to design the project and then ODOT was in charge of implementing construction through to completion.  Swiger noted that other than having the plans drafted, the city had no contractual involvement in the project.  Swiger recalled that the city designated a liaison to be on-site once a week or more depending on the nature of complaints raised by residents.

{¶ 8}  According to Dalesandro, she contacted the city of Mentor in May 2005 and spoke with Robert Kovac who had been the project manager during the construction in order to ascertain whether the city was responsible for the damage to the sewer line.  She acknowledged that she spoke with Kovac by telephone more than once.

{¶ 9}  Kovac testified that he spoke with Dalesandro on May 17 and 18, 2005.  According to Kovac, Dalesandro communicated to him that she suspected that the damage to the pipe had occurred during the road construction project.  Defendant submitted a copy of the typed notations that Kovac made in reference to the telephone conversations he had with Dalesandro. (Defendant's Exhibit A.)  Kovac testified that he had instructed Dalesandro to have the pipe repaired and to make a claim against ODOT for reimbursement.  Kovac also stated that he provided Dalesandro with the name and address of ODOT's district manager, Ed Bais.  (Defendant's Exhibit A.)

{¶ 10} Dalesandro confirmed that Kovac provided her with an ODOT contact person, Ed Bais.  Dalesandro testified that she placed a call to Bais in May 2005, but that she never made contact with him.  She testified that she also made several phone calls to county agencies including the local health department in order to resolve the matter.  Dalesandro explained that within a few weeks of noticing the problem, she was

forced to relocate due to the overwhelming noxious odors as well as the unsanitary conditions at the residence. Conti testified that during the next several months, he and Dalesandro were in contact with the county health department seeking permission to place a temporary holding tank on the property in order to alleviate the unsanitary conditions and to allow Dalesandro to return to the residence. According to Conti, the request was denied.

{¶ 11} On September 29, 2005, the supervisor of Liquid/Solid Waste & Water Supply Programs for the Lake County General Health District, Laura Kramer Kuns, sent a letter to Dalesandro stating that "[i]t is my understanding that you were not living in your home during the [ODOT] road widening and storm sewer improvement project on SR 615 that took place approximately two years ago. * * * I have been in contact with ODOT to request them to access the construction inspection records for the project in the vicinity of your house. Kevin King was the project manager on that construction project * * *. Based upon the review of your inspection and service records, it appears that your blockage and/or breakage of your sanitary lateral may be under the road pavement." (Plaintiffs' Exhibit 16.) The district urged Dalesandro to hire an approved sewer contractor to repair or replace the sanitary lateral and to contact the city of Mentor if it became necessary to open the road in order to complete the repairs. A copy of the letter was also sent to attorney Manning. Dalesandro testified that in 2006 her financial burden became so great that she stopped making payments on the mortgages inasmuch as she could not live in the house nor could she sell or rent out the property due to the presence of raw sewage. Both Conti and Dalesandro acknowledged that there was a flood of historic proportions in the Mentor area in June or July 2006 such that several feet of water flooded the basement, mixing with the raw sewage and depositing such throughout the entire basement area.

{¶ 12} In June 2006, the city of Mentor directed a crew to visualize the pipes starting from the main line located under the street and advancing toward plaintiffs' property. As a result of that inspection, Dalesandro was notified that the lateral pipe was completely blocked approximately five feet from the main line and that the blockage was located underneath an area of pavement on the expanded roadway. In October 2006, the city of Mentor excavated the area and confirmed that during the ODOT

project, a storm sewer had been installed such that it ran through and completely blocked the lateral line from plaintiffs' residence.

{¶ 13} Plaintiffs assert that as a result of ODOT's negligence, the backup of raw sewage resulted in significant loss of value to the property. The property was foreclosed upon and eventually sold for a loss. Plaintiffs filed their complaint against ODOT on October 30, 2007, alleging that the storm sewer was improperly installed such that it transected their home's lateral sanitary sewer pipe, completely blocking it. Plaintiffs assert that at the time that ODOT performed the roadway improvements the dwelling was unoccupied due to renovations which were in progress at the home. Thus, plaintiffs argue that they were unaware that the sanitary sewer was damaged at the time construction was ongoing. Indeed, plaintiffs maintain that they did not discover the true nature of the negligent act until at the earliest either June or October 2006 and that, as such, the complaint was filed well within the applicable statute of limitations.

{¶ 14} At the close of plaintiff's case, defendant moved the court for dismissal of plaintiffs' claims pursuant to Civ.R.41 (B)(2) for the following reasons: 1) plaintiffs failed to file their complaint within the applicable statute of limitations; 2) plaintiffs failed to establish that ODOT is liable for the negligence of an independent contractor; and 3) Joseph Conti and Kingdom Properties, Inc. are not proper plaintiffs in this matter inasmuch as they were not owners of the property at the time that the damage to the home from raw sewage occurred. The court reserved ruling on defendant's motion.

{¶ 15} Defendant contends that the complaint was filed more than two years after plaintiffs discovered the damage, and that, in addition, the complaint was filed more than two years after Kovac informed Dalesandro in May 2005 of ODOT's involvement in the roadway construction. Defendant contends that, at the latest, the statute of limitations began to run once the Lake County Health District informed Dalesandro and her counsel by letter dated September 29, 2005, to contact ODOT concerning any damage that was caused during the road construction. Alternatively, defendant argues that ODOT cannot be held liable for the negligent acts of an independent contractor.

{¶ 16} R.C. 2743.16 (A), the statute of limitations for commencing actions in this court, states as follows: "Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be

commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 17} The Supreme Court of Ohio has explained that "[t]he rationale underlying statutes of limitations is fourfold: to ensure fairness to defendant; to encourage prompt prosecution of causes of action; to suppress stale and fraudulent claims; and to avoid the inconvenience engendered by delay, specifically the difficulties of proof present in older cases." *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 88, citing *Harig v. Johns-Manville Products Corp.* (1978), 284 Md. 70, 75.

{¶ 18} The Tenth District Court of Appeals has discussed the application of R.C. 2743.16 (A) as follows:  "[f]or cases involving property damage resulting from negligent construction, unless damage is immediate, the cause of action does not accrue until actual injury occurs or damage ensues." *Thompson v. Ohio Dept. of Transp.* (Nov. 26, 1996), Franklin App. No. 96API04-497.

{¶ 19} Generally, a cause of action accrues at the time the wrongful act is committed.  *O'Stricker*, supra, at 87.  Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action.  Id. at 90.  Ohio courts have applied the discovery rule to cases involving latent property damage.  See *Laipply v. Bates*, 166 Ohio App.3d 132, 2006-Ohio-1766, ¶17.

{¶ 20} As articulated by the Supreme Court in *O'Stricker,* supra, this "discovery rule" is a "two-pronged rule requiring both prongs to be satisfied before the statute of limitations begins to run.  First, a plaintiff must know or reasonably should have known that he has been injured; and second, a plaintiff must know or reasonably should have known that his injury was proximately caused by conduct of the defendant.  Upon actual knowledge or reasonable cause shown to have knowledge of these factors imputed as a matter of law, the limitation period * * * begins to run." *Barker v. A.H. Robins Co.* (Jan. 17, 1985), Franklin App. No. 84AP-297.  Thus, the trier of fact must determine the time that "plaintiff knew or, by the exercise of reasonable diligence, should have known that she had been injured by the conduct of defendant."  Id.

{¶ 21} Upon review of the evidence submitted, the court finds that plaintiffs discovered, or through the exercise of reasonable diligence should have discovered, the

damage to the residence on or before May 18, 2005, inasmuch as all three sewer cleaning companies had informed plaintiffs that the pipe was damaged most likely at or near the connection to the main sewer line; the city of Mentor's project manager had identified ODOT as the party who had administered the roadway construction project; and Kovac had directed Dalesandro to contact ODOT. Indeed, Kovac testified, quite credibly, that Dalesandro told him during their conversations that she already suspected that the damage had been caused during the construction project. Dalesandro acknowledged that she was provided with a contact person at ODOT and that she placed a call to such person in May 2005 in order to resolve the problems with the sanitary sewer.

{¶ 22} In *Rosendale v. Ohio Dept. of Transp.*, Franklin App. No. 08AP-378, 2008-Ohio-4899, the Tenth District Court of Appeals found that plaintiff's cause of action for latent property damage accrued when he "was aware that his home may have been damaged due to possible negligence of [ODOT] in connection with the construction project near his home." It is apparent that Dalesandro failed to follow up with ODOT, despite the fact that she repeatedly spoke with local and county agents of the health department and others employed with the city of Mentor. Even as late as September 29, 2005, plaintiff and her counsel were directed to contact ODOT for assistance. Accordingly, the court finds that plaintiffs had until no later than May 18, 2007, to file their complaint. For the foregoing reasons, the court finds that plaintiffs failed to timely file their complaint and, accordingly, judgment shall be rendered in favor of defendant. In light of this decision, defendant's oral motion to dismiss is DENIED as moot.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN DALESANDRO, et al.

Plaintiffs

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant
Case No. 2007-08368

Judge Joseph T. Clark

JUDGMENT ENTRY

This case was tried to the court on the issues of liability and damages. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Eric A. Walker                          Mark A. Ziccarelli
Assistant Attorney General              8754 Mentor Avenue
150 East Gay Street, 18th Floor         Mentor, Ohio 44060
Columbus, Ohio 43215-3130

SJM/cmd
Filed February 19, 2010
To S.C. reporter March 3, 2010